UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANZA TECHNOLOGY, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>MUSHKIN, INC., a Colorado Corporation, d/b/a MUSHKIN ENHANCED MFG,<br><br>           Defendant. | CIV. NO. 2:17-00656 WBS EFB<br><br>ORDER RE: REQUEST TO SEAL |

----oo0oo----

Anza Technology, Inc. brought this action against Mushkin, Inc. for patent infringement. Before the court is defendant's Request to File Documents Under Seal filed August 14, 2017. (Docket No. 12.)

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Where a party seeks to seal a dispositive

1

pleading and a related attachment, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (citations omitted). The court then must balance the competing interests of the public and the party seeking to keep records secret. Id. at 1179.

Defendant moves to seal an "Asset Purchase and Note Agreement" in support of its Motion to Dismiss, stating that it is highly confidential and contains proprietary information, that sealing is necessary to protect its privacy rights and the privacy rights of a third party, and that sealing such record will not prejudice plaintiff.

While trade secrets may justify filing documents under seal, see Kamakana, 447 F.3d at 1179, it is not clear how an asset purchase agreement is a trade secret. Nor is it clear how sealing this entire document may prevent it from being used "as sources of business information that might harm a litigant's competitive standing," see Nixon v. Warner Communications, Inc., 434 U.S. 589, 598 (1978), or how disclosure of the document would invade defendant's or a third party's privacy. Defendant's request is even less convincing here, where defendant's unsealed Motion to Dismiss specifically references the transaction memorialized in the document it wishes to seal. Further, sealing this information may prevent the public from understanding the basis upon which the court makes its decisions, and defendant fails to explain how its harm outweighs public policies favoring disclosure. See Kamakana, 447 F.3d at 1178-79.

1 | Given the public policies favoring disclosure and
2 | defendant's failure to show compelling reasons to seal the
3 | document at issue, the request will be denied.  The court may
4 | consider a more tailored request, such as redacting a portion of
5 | the Asset Purchase and Note Agreement, which specifically states
6 | the basis for sealing or redacting this document and why
7 | defendant's harm outweighs public policies favoring disclosure.

IT IS THEREFORE ORDERED that defendant's Request to Seal (Docket No. 12) be, and the same hereby is, DENIED without prejudice.

Dated:   August 18, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE